Form 149

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Carol A. Rupinski**
**fka Carol A Brocklehurst**
   Debtor(s)

Bankruptcy Case No.: 16–10554–TPA
Per November 29, 2016 Proceeding
Chapter: 13
Docket No.: 38 – 28
Concil. Conf.: January 24, 2017 at 03:00 PM

## ORDER OF COURT CONFIRMING PLAN AS MODIFIED
## AND SETTING DEADLINES FOR CERTAIN ACTIONS

*(1.) PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated July 26, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐   A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐   B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑   C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Jan. 24, 2017 at 03:00 PM, in Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, PA 16501.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐   D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐   E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐   F.     shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐   G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☐   H.    Additional Terms:

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: December 5, 2016

Thomas P. Agresti, Judge
United States Bankruptcy Court

cc: All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                Case No. 16-10554-TPA
Carol A. Rupinski                                                     Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-1          User: vson              Page 1 of 2             Date Rcvd: Dec 05, 2016
                              Form ID: 149            Total Noticed: 27

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 07, 2016.
db           +Carol A. Rupinski,   18307 Cole Road,   Conneautville, PA 16406-4019
14242290     +Capital 1 Bank,    Attn: Bankruptcy Dept.,   Po Box 30285,   Salt Lake City, UT 84130-0285
14242291     +Claims Recovery Systems,    POB 703,   Carnegie, PA 15106-0703
14269298     +Commonwealth of Pennsylvania, Dept L&I,   Office of UC Benefits & Policy,
               651 Boas Street, 6th Floor,   Harrisburg, PA 17121-0725
14242292     +First National Bank of PA,   4140 East State Street,   Hermitage, PA 16148-3401
14242293     +First National Collection Bureau, Inc.,   610 Waltham Way,   Sparks, NV 89434-6695
14242294     +Fnb Consumer Disccount Co,   908 Park Avenue,   Meadville, PA 16335-3331
14242295     +HSBC Bank,    POB 5253,   Carol Stream, IL 60197-5253
14242297     +LVNV Funding LLC,   200 Meeting St Ste 206,   Greenville, SC 29615-5833
14242296      Linebarger Goggan Blair & Sampson, LLP,   P.O. Box 90128,   Harrisburg, PA 17109-0128
14277622    ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,   DALLAS TX 75261-9096
              (address filed with court:   Nationstar Mortgage LLC,    ATTN: Bankruptcy Department,
               P.O. Box 619096,   Dallas, TX 75261-9741)
14242301     +Northwestern REC,   22534 State Highway 86, POB 207,   Cambridge Springs, PA 16403-0207
14242302     +PA Department of Labor & Industry,   Unemployment Compensation,   651 Forster Street #6,
               Harrisburg, PA 17121-0001
14242306     +Progressive,   6300 Wilson Mills Road,   Cleveland, OH 44143-2182
14242307     +Rebecca S. Ankenbauer,   18260 Cole Road,   Conneautville, PA 16406-4018
14242308     +Seneca Motors, Inc,   3368 State Route 257,   Seneca, PA 16346-2534
14242309     +Sharp Collections, Inc.,   114 North Mercer Avenue,   P.O. Box 81,   Sharpsville, PA 16150-0081
14242310     +Sky Bank,   119 East Fifth Street,   East Liverpool, OH 43920-3030
14242311     +Valley Dental Center,   906 Washington Street,   Conneautville, PA 16406-7138
14242312     +Windstream,   2 North Main Street,   Attn: Alice Peace,   Greenville, SC 29601-4874

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14242289     +E-mail/Text: g17768@att.com Dec 06 2016 02:07:45    AT&T Services, Inc.,
               Karen A. Cavagnaro - Lead Paralegal,   One AT&T Way, Room 3A 231,   Bedminster, NJ 07921-2693
14242288     +E-mail/Text: EBNProcessing@afni.com Dec 06 2016 02:08:26    Afni, Inc.,   Attn: Bankruptcy,
               Po Box 3097,   Bloomington, IL 61702-3097
14242300     +E-mail/Text: bankruptcydepartment@tsico.com Dec 06 2016 02:08:50    Nco Financial,   Pob 15273,
               Wilmington, DE 19850-5273
14242299     +E-mail/Text: bankruptcydepartment@tsico.com Dec 06 2016 02:08:50    Nco Financial,
               Po Box 15636,   Wilmington, DE 19850-5636
14242305      E-mail/Text: blegal@phfa.org Dec 06 2016 02:08:19    PHFA-HEMAP,   211 North Front Street,
               POB 8029,   Harrisburg, PA 17105-8029
14242303     +E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 06 2016 02:08:01
               Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
               Harrisburg, PA 17128-0946
14242304      E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 06 2016 02:08:01
               Pennsylvania Department of Revenue,   Bureau of Compliance,   Dept 280948,
               Harrisburg, PA 17128-0946
                                                                                              TOTAL: 7

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr            Nationstar Mortgage LLC
14242298*   ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,   DALLAS TX 75261-9096
              (address filed with court:   Nationstar Mortgage LLC,    Attn: Bankruptcy,   350 Highland Drive,
               Lewisville, TX 75067)
14273803*   ++PENNSYLVANIA HOUSING FINANCE AGENCY,    211 NORTH FRONT STREET,   HARRISBURG PA 17101-1406
              (address filed with court:   PHFA/HEMAP,   211 NORTH FRONT ST,   PO BOX 8029,
               HARRISBURG, PA 17105)
                                                                                TOTALS: 1, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 07, 2016                          Signature:  /s/Joseph Speetjens

```
District/off: 0315-1           User: vson              Page 2 of 2            Date Rcvd: Dec 05, 2016
                               Form ID: 149            Total Noticed: 27
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 5, 2016 at the address(es) listed below:
              Daniel P. Foster    on behalf of Debtor Carol A. Rupinski dan@mrdebtbuster.com,
               clarissa@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com;anne@ecf.inforuptcy.com
              Joshua I. Goldman    on behalf of Creditor    Nationstar Mortgage LLC bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 4
```